## Chester & Philadelphia Ry. Co. *v.* Belmont Iron Works, Appellant.

*Contracts—Interpretation—Effect upon prior decree of court.*

In an action to enforce rights conferred by a decree of court, the defendant set up a subsequent contract between the parties which defendant contended abrogated the rights plaintiff acquired under the decree. It appeared that the defendant had been authorized by decree of court to construct a siding across the tracks of plaintiff. The decree placed the burden of maintaining the crossing upon the defendant and provided that if defendant failed the plaintiff might make the necessary renewals and repairs and collect the cost from the defendant. The parties subsequently entered into a contract whereby their rights in another siding and another track were determined, but in which no reference was made to the first crossing or to the decree of court.

*Held:* that the contract did not abrogate rights acquired by the plaintiff under the decree of the court as to the first crossing.

Argued October 6, 1922. Appeal, No. 102, Oct. T., 1922, by defendant, from judgment of Municipal Court of Philadelphia, April T., 1921, No. 471, in favor of plaintiff in case tried by the court without a jury in suit of Chester and Philadelphia Railway Company v. Belmont Iron Works. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover cost of repairs and maintenance of crossing. Before McNICHOL, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found in favor of the plaintiff in the sum of $172.50 and subsequently entered judgment thereon. Defendant appealed.

*Error assigned,* among others, was the judgment of the court.

*Francis H. Scheetz,* and with him *Evans, Bayard & Frick,* for appellant.—Although the contract does not mention the decree, the latter has all the elements of a contract and the two cannot both stand. The contract must, therefore, have the effect of abrogating the decree: Grace Contracting Co. v. Norfolk & Western Ry. Co., 259 Pa. 241; Prouty v. Kreamer, 199 Pa. 273.

*R. Sturgis Ingersoll,* and with him *Ballard, Spahr, Andrews & Madeira,* for appellee.

OPINION BY GAWTHROP, J., December 14, 1922:

Plaintiff, Chester and Philadelphia Railway Company, hereinafter called Railway, sued Belmont Iron Works, hereinafter called Belmont, to recover the cost of repairs made by Railway to the crossing of Belmont's railroad siding over the Railway's original tracks on Essington Avenue, Eddystone, Delaware County. In 1907, Philadelphia and Chester Railway Company had a single track street railway on Essington Avenue, in the Borough of Eddystone. Belmont operated an iron works contiguous to Essington Avenue. Desiring to cross said railroad track at grade, it was authorized to do so by a decree of the Court of Common Pleas of Delaware County as of March Term, 1907, No. 73. The decree placed upon Belmont the burden of maintaining the crossing and provided that in case said crossing is not repaired or renewed as necessary by Belmont, the Philadelphia and Chester Railway Company, upon thirty days' notice, should have the right to renew and repair the same and collect the cost thereof from Belmont.

Subsequently, Belmont acquired the right to construct a second siding, which, however, has never been constructed. In June, 1910, the present plaintiff acquired all the rights of Philadelphia and Chester Railway Company under the above decree. In 1912, Railway desired to lay an additional track on Essington Avenue. Belmont gave Railway notice not to cross the Belmont siding with the proposed track until the terms under which the crossing was to be made were embodied in an agreement satisfactory to Belmont. On December 13, 1912, the two parties entered into a written agreement, upon which the disposition of this appeal turns. Belmont contends that the agreement relieves it of the burden of maintaining the original crossing placed upon it by the decree of 1907. This Railway disputes. The court below, trying without a jury, found for plaintiff. This is the error assigned.

For the purpose of clarity and convenience, the four railroad crossings referred to in the agreement will be designated as follows: No. 1, the crossing by Belmont siding over the original line of Railway; No. 2, the crossing by Belmont siding over the second track of Railway; No. 3, the proposed crossing by a second Belmont siding over the original line of Railway; No. 4, the proposed crossing by a second Belmont siding over the second track of Railway. At the time the agreement was drawn and executed, Belmont's obligation to maintain crossing No. 1 was fixed by the decree of the Delaware County Court, aforesaid. Crossing No. 2 was about to be constructed. Crossings Nos. 3 and 4 were not immediate projects. The agreement is prefaced by four preambles, the first reciting that Railway has asked Belmont for permission to cross its siding with a second track. The second preamble states that Belmont has agreed to grant the permission under terms and conditions hereinafter set forth. The third preamble admits that Belmont has the right to construct and maintain a second railroad track or siding across Essington Avenue, provides that

when said second siding shall be constructed, Belmont shall pay the cost of constructing its crossing (crossing No. 3) over Railway's original track and that Railway shall pay the cost of constructing and maintaining Belmont's crossing (crossing No. 4) over Railway's second track and that, except as to the payment of the cost of laying and maintaining crossings Nos. 3 and 4, the terms of the agreement shall apply to crossings Nos. 3 and 4, when made. Then follows the grant to Railway of leave and license to construct its second track (crossing No. 2) across the existing siding of Belmont and "to use said crossings subject to the provisions hereinafter set forth." The provisions relating to said construction and maintenance are found in clauses Nos. 1, 2 and 3, in which the reference is to "said crossings." Belmont contends that the words "said crossings" as used in the grant, and in clauses Nos. 1 and 3 relating to construction and maintenance to which the grant is subject, include crossing No. 1. With this we cannot agreed. The words "said crossings" refer only to those crossings already mentioned. Up to the point in the contract where the words "said crossings" appear, crossing No. 1, the maintenance of which is the subject of this suit, is not mentioned. In fact, there is no reference to it in the entire contract. From a reading of the whole agreement, it is manifest that a division of responsibility for cost of construction and maintenance was provided for. The intention seems to be to follow the usual practice, where the tracks of one transportation company cross the tracks of another, of requiring the company whose tracks are junior in occupancy to be at the burden of such expense. Such an imposition of cost is expressly provided by the fourth preamble in respect to crossings Nos. 3 and 4. It is reasonably clear that the division of cost of maintenance at crossings Nos. 1 and 3 is on the same basis, by reason of the contract and the decree of 1907. It is most significant that the agreement fails to refer to the decree of the Court of Common Pleas of

Delaware County, fixing Belmont's responsibility for maintaining crossing No. 1. In the absence of any reference to said decree or to crossing No. 1, and after a most thorough consideration of the entire contract. we are constrained to hold that the decree of 1907 has not been abrogated by the contract, and that the court below was right in finding for plaintiff.

The assignments of error are overruled, and the judgment is affirmed.